J-S30003-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| IN RE: E.N.S., A MINOR | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| APPEAL OF: O.S.V., FATHER | : | |
| | : | |
| | : | No. 676 MDA 2024 |

Appeal from the Decree Entered April 5, 2024
In the Court of Common Pleas of Dauphin County
Orphans' Court at No(s): 86-AD-2023

| | | |
|---|---|---|
| IN RE: V.E.S., A MINOR | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| APPEAL OF: O.S.V., FATHER | : | |
| | : | |
| | : | No. 677 MDA 2024 |

Appeal from the Decree Entered April 8, 2024
In the Court of Common Pleas of Dauphin County
Orphans' Court at No(s): 85-AD-2023

BEFORE:   PANELLA, P.J.E., SULLIVAN, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY PANELLA, P.J.E.:          **FILED: OCTOBER 18, 2024**

O.S.V. ("Father") appeals from the decrees entered in the Dauphin County Orphans' Court involuntarily terminating his parental rights to his two minor children, E.N.S. (d.o.b. 11/18) and V.E.S. (d.o.b. 3/17) (collectively

_____

[*] Former Justice specially assigned to the Superior Court.

"Children").[1] Because the orphans' court did not appoint legal counsel for the Children during the involuntary termination of parental rights proceeding, we regretfully have to vacate the order and remand for a new hearing upon appointment of legal counsel for the Children.

The parties are familiar with the background of this matter. The orphans' court provides a thorough recitation of the case's procedural and factual background in its June 12, 2024 opinion. **See** Orphans' Court Opinion, 6/12/24, at 1-14.[2] Therefore, we will not fully restate them here.

As a general matter, we note that A.M. ("Mother") and Father married in 2016. The two Children were born in 2017 and 2018. Mother and the Children moved out of the family home in February 2021 and Mother filed for divorce and custody in April 2021. The parties shared legal custody in the initial custody agreement, and Mother was granted primary physical custody. Father was granted visitation. In August 2022, Father was charged with endangering the welfare of children and related crimes for putting sugar in the engine of Mother's vehicle.[3] In November 2022, Mother sought a PFA order

---

[1] On June 4, 2024, this Court consolidated these matters *sua sponte*.

[2] Despite our disposition, we commend the Honorable John J. McNally, III, for his astute and thorough 23-page Rule 1925(a) opinion, which comprehensively provides the background of this case and addresses the merits of the substantive issues on appeal.

[3] On May 1, 2024, Father pleaded guilty to disorderly conduct and was sentenced to probation.

against Father on behalf of herself and the Children due to Father violating his bail conditions by texting her 157 times and threatening to take the Children out of state. The PFA order was granted and conditions imposed that, if met by Father, would result in him being able to see the Children. However, because Father has not complied with all imposed requirements, he has not seen the Children since October 2022.

Mother filed petitions for the termination of Father's parental rights on November 27, 2023. The petitions asserted that Father had not performed any parental duties for over 12 months preceding the filing of the petitions. The petitions also alleged that Mother's current husband, C.M., has been a daily source of financial, emotional, and physical support for the Children since 2021 and that he and the Children have a parent-child bond. C.M. filed petitions for adoption the same day. The court held a termination hearing at which Mother, C.M., Father, and Maternal Grandmother testified. The Children's Guardian *ad litem* opined that the termination of Father's parental rights would be in the best interest of the Children. At the conclusion of the hearing, the court found Mother had provided clear and convincing evidence to support termination of Father's parental rights pursuant to 23 Pa.C.S.A. § 2511(a)(1), (b).

Father raises two questions for this Court's review in which he challenges the sufficiency of the evidence to support termination pursuant to 23 Pa.C.S.A. § 2511(a)(1) and (b).

Initially, we must address *sua sponte* that the orphans' court failed to appoint legal counsel to represent Children for the termination proceedings pursuant to 23 Pa.C.S. § 2313(a). **See In re Adoption of K.M.G.**, 240 A.3d 1218, 1235 (Pa. 2020). Section 2313 of the Adoption Act provides: "The court shall appoint counsel to represent the child in an involuntary termination proceeding when the proceeding is being contested by one or both of the parents." 23 Pa.C.S. § 2313(a). Section 2313(a) requires that the orphans' court "appoint an attorney to represent the child's legal interest, i.e. the child's preferred outcome." **K.M.G.**, 240 A.3d at 1238. Further, our Supreme Court has held that "appellate courts should engage in limited *sua sponte* review of whether children have been afforded their statutory right to legal counsel when facing the potential termination of their parents' parental rights." **Id.** (citation omitted and formatting altered). The failure to appoint legal counsel constitutes a structural error that is not subject to a harmless-error analysis. **In re Adoption of K.E.G.**, 288 A.3d 539, 541 (Pa. Super. 2023) (citation omitted).

In contrast, the court appoints "a guardian *ad litem* [to represent a child's best interests, i.e.,] to express what the guardian *ad litem* believes is best for the child's care, protection, safety, and wholesome physical and mental development regardless of whether the child agrees." **N.W.M. Through J.M. v. Langenbach**, 316 A.3d 7, 26 (Pa. 2024) (footnote omitted). A child's legal interests are distinct from his best interests, because a child's

legal interests are synonymous with the child's preferred outcome, while a child's best interests must be determined by the court. **See In Re Adoption of L.B.M.**, 161 A.3d 172, 174-75 (Pa. 2017).

Instantly, our review of the record reveals that the orphans' court appointed Lisa M. Watson, Esquire, to represent the Children as their guardian *ad litem* at the termination proceedings. **See** Order, 11/29/23. At the hearing, Attorney Watson expressed support for the involuntary termination of Father's parental rights, stating that it would be in the Children's best interests. **See** N.T. 4/5/24, at 133-35. In her brief to this Court, Attorney Watson argues termination of Father's parental rights "would support the developmental, physical, and emotional needs and welfare of the [C]hildren." Guardian *ad Litem*'s Brief, at 7; **see id.** at 8 ("The trial court properly weighed all evidence, appropriately considered the best interest of the minor children[.]"); **see id.** at 17 ("[T]erminat[ing] the rights of Father [is] in the best interest of the [C]hildren."). In addition, we note that the orphans' court did not receive any testimony from the approximately 6- and 7-year-old Children in this matter. Thus, we are constrained to conclude that the orphans' court rendered its order terminating Father's parental rights without the Children's legal interests or preferred outcome being represented or offered.[4]

---

[4] Mother and C.M. both testified that the Children have not asked to see Father, that one child has dreams Father will abduct him from their home, and that this child has stated he does not want to see Father again. **See** N.T.,
*(Footnote Continued Next Page)*

Accordingly, we are constrained to vacate the termination decree and remand for further proceedings. On remand, we direct the orphans' court to determine whether Attorney Watson may represent both the legal and best interests of Children. *See In re P.G.F.*, 247 A.3d 955, 964 (Pa. 2021) (court may appoint one attorney to serve as GAL and legal counsel if there is no conflict between child's legal and best interests). If the court determines that no conflict exists between the two interests, the court shall re-enter its April 8, 2024 termination decree as to Father. If the court determines there is a conflict between Children's legal and best interests, the court shall appoint separate legal counsel and conduct a new termination hearing as to Father to provide legal counsel an opportunity to advocate on behalf of Children's legal interests.

Order vacated. Case remanded for further proceedings. Jurisdiction relinquished.

---

4/5/24, at 31-32, 38, 66. While this testimony arguably could support an inference that the Children's preference is that Father's rights be terminated, there is no direct testimony to that affect and, in any event, as stated above, the court's failure to appoint legal counsel is not subject to a harmless error analysis. *See K.E.G.*, 288 A.3d at 541.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: <u>10/18/2024</u>